Shaun J. Bauman, Esq. (SBN 277067)
Thanos Simoudis, Esq. (SBN 314930)
BAUMAN LAW, APLC
6800 Owensmouth Ave., Suite 410
Canoga Park, CA 91303
Telephone: (818) 285-0222
Facsimile: (818) 285-0224

17 DEC -7 PM 3: 26

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

Attorneys for Plaintiff JESUS JAQUELINE ATIENZO

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### COUNTY OF SAN DIEGO

| | |
|---|---|
| JESUS JAQUELINE ATIENZO, an individual, <br><br> Plaintiff, <br><br> v. <br><br> WAL-MART STORES, INC., a corporation, and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No.: 37-2017-00046995-CU-PO-CTL <br> (UNLIMITED JURISDICTION) <br><br> **COMPLAINT FOR PERSONAL INJURIES AND DAMAGES** <br><br> Judge: <br><br> Dept: <br><br> Location: 330 W Broadway <br> San Diego, CA 92101 |

NOW COMES Plaintiff, JESUS JAQUELINE ATIENZO ("Plaintiff"), by and through her attorneys, BAUMAN LAW, APLC, in her claim for damages against defendants WAL-MART STORES, INC. and DOES 1 through 100, inclusive, and alleges as follows:

### I. THE PARTIES

1. Plaintiff JESUS JAQUELINE ATIENZO is an individual residing in San Diego County.

2. Plaintiff is informed and believes and thereon alleges that Defendant WAL-

---

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES

Exhibit 1
5

1  MART STORES, INC. is a corporation duly organized and existing under the laws of the State of Delaware. Its registered agent, upon whom process may be served, is CT Corporation System, 818 West 7th Street, Suite 930, Los Angeles, CA 90017.

3. The true names and/or capacities of DOES 1-100, Inclusive, whether individual, corporate, associate, pubic, or otherwise, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.

4. Plaintiff is informed and believes and thereon alleges that DOES 1-100, Inclusive, are resident of, or businesses, or public entities operating within the State of California.

5. Plaintiff is informed and believes and thereon alleges that each of the DOES 1-100, Inclusive, were in some manner responsible for the vents and happenings referred to herein, and thereby proximately caused injuries and damages to Plaintiff.

6. Plaintiff is informed and believes and thereon alleges that the Defendants, and each of them, were the agents and employees of each of the other Defendants, and that all times mentioned herein, were acting within the scope, purpose, and/or authority of that agency and/or employment with the full knowledge, permission, consent, and/or authorization for each of the other Defendants, named and unnamed.

7. Each reference in this complaint to "Defendant," "Defendants," or a specifically name Defendant refers to each of the DOE defendants sued under fictitious names.

8. The allegations in this complaint stated on information and belief are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## II. FACTS

9. Plaintiff refers to and incorporates by reference the allegations contained in paragraphs 1 through 8, as though fully set forth with the same force and effect.

10. On December 12, 2015 while lawfully on Defendant's property located at 710 Dennery Road San Diego CA 92154, Plaintiff slipped, fell and suffered serious injury.

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES

Exhibit 1
6

More specifically, Plaintiff slipped on a slippery area of the floor.

11. At all relevant times herein, Defendant occupied controlled the property that Defendant operated as a business under the name, WAL-MART STORES, INC. At all relevant times, Defendant held the property open to the public. The property is a grocery store with the general public, like Plaintiff, as its core clientele. At the time of the incident, Plaintiff was a paid/paying customer of the facility and Defendant expressly invited Plaintiff to enter the business. At the time of the incident, Plaintiff was walking on the floor in a normal and foreseeable manner.

12. At all relevant times, defendant knew or should have known the area where Plaintiff fell was slippery. At all relevant times, Defendant failed to keep the floor dry and free from dangerous conditions. At all relevant items, Defendant failed to warn Plaintiff of the floor's condition and failed to otherwise make the condition safe.

13. The impact from the fall caused Plaintiff to suffer, serious injuries.

14. Plaintiff's fall and resultant injuries were solely, directly, and proximately caused by the above-described acts and omission of Defendants WAL-MART STORES, INC. and DOES 1-100.

### FIRST CAUSE OF ACTION AGAINST EACH DEFENDANT
**(Premises Liability)**

15. Plaintiff refers to and incorporates by reference the allegations contained in paragraphs 1 through 14, as though fully set forth herein with the same force and effect.

16. Defendants, and each of them, either directly or by and through their agents, employees, and/or servants, acting within that capacity and with the full knowledge, permission, consent, and/or authorization of the employer and/or principal, owned, occupied and/or controlled the premises, including the grocery store, its walkways and the slippery floor where Plaintiff fell.

17. Defendants, and each of them, either directly or by and through their agents, employees, and/or servants, acting within that capacity and with the full knowledge, permission, consent, and/or authorization of the employer and/or principal, were negligent

-3-
COMPLAINT FOR PERSONAL INJURIES AND DAMAGES

Exhibit 1
7

in their use and maintenance of the premises in that they had a duty to inspect, maintain, and use the facility, its walkways and the slippery floor where Plaintiff fell in a manner that would prevent Plaintiff from being injured by an unsafe condition.

18. Defendants, and each of them, failed to prevent plaintiff from begin injured by unsafe conditions that included, but were not limited to: a slick, slippery, area of the floor. With respect to those unsafe conditions of the premises, Defendants breached their duty of care in the following non-exclusive respects:

(a) failing to timely and adequately inspect the premises for such unsafe conditions;

(b) failing to detect such inherently unsafe conditions;

(c) failing to keep the premises free of unsafe conditions;

(d) failing to maintain the premises in a manner that would prevent such unsafe conditions from being present.

(e) failing to warn Plaintiff of such unsafe conditions;

(f) failing to have a competent person, one capable of identifying existing and predictable hazards on the store's walkways, with authority to take prompt corrective measures to eliminate the dangers;

(g) by failing to have a competent person inspect the floor for dangerous conditions or defects;

(h) by failing to protect Plaintiff from injury by use of slip-resistant materials on the surface of the floor;

(i) failing to timely remedy such unsafe conditions; and

(j) in other manners to be proved at the trial of this case.

19. The dangerous condition of the slick, slippery, area of the floor was known to Defendants who failed to properly clean and/or dry the slick, wet, area where patrons, such as the Plaintiff, would walk. Further, the dangerous conditions of the slick, wet, area of the floor had existed for long enough period of time that Defendants, and each of them, either knew or should have known that the slick, wet, area of the floor was dangerous for

others. Like Plaintiff, who would be forced to walk on that area of the floor while a patron of the facility.

20. Defendants, and each of them, knew or should have known that the conditions of the slick, wet, area of the floor posed a danger that would not obvious to, or reasonably anticipated by, persons using the facility's walkways, including Plaintiff.

21. Despite having actual and/or constructive knowledge of the dangerous conditions on the premises herein described, Defendants, and each of them, either directly or by and through their agents, employees, and/or servants, acting within that capacity and with the full knowledge, permission, consent, and/or authorization of the employer and/or principal, failed to prevent said dangerous conditions from injuring Plaintiff.

22. Plaintiff's slip-and-fall was directly and proximately caused by the above-described acts and omissions of Defendants, and each of them, either directly or by and through their agents, employees, and/or servants, acting within that capacity and with the full knowledge, permission, consent, and/or authorization of the employer and/or principal.

23. As a direct and proximate result of the Plaintiff's slip-and-fall that was caused by the above-described acts of Defendants, Plaintiff was injured in his health, strength, and activity, sustain injury to her body and shock and injury to her nervous system and person, all of which injuries have caused, and continue to cause, Plaintiff great mental, psychical, nervous pain and suffering, loss of enjoyment of life, physical restrictions and limitations, anxiety, annoyance, and inconvenience, all to her general damage and detriment.

24. As a further direct and proximate result of Plaintiff's slip-and-fall that was caused by the above-described acts of Defendants, Plaintiff has been required to expend sums of money and incur obligations, and may continue to expend money and incur obligations, for medical services, x-rays, drugs, and sundries reasonably required in the treatment and relief of the injurie herein alleged. The medical expenses are not fully known at this time, and leave of court is hereby requested to maned this Complaint to conform to proof at the time of trial.

25. As further a direct and proximate result of Plaintiff's slip-and-fall that was caused by the above-described acts of Defendants, Plaintiff has already incurred, and in all likelihood will in the future incur, substantial loss of income, earning capacity and career opportunities, the value of which are not fully known at this time, and leave of court is hereby requested to amend this Complaint to conform to proof at the time of trial.

26. Said injuries and damages to Plaintiff were solely due to the aforementioned conduct of Defendants, and each of them, either directly or by and through their agents, servants, and/or employees, acting within the scope of that agency and/or employment and with the full knowledge, permission, consent, and

## SECOND, SEPARATE AND DISTINCT CAUSE OF ACTION AGAINST EACH DEFENDANT

### (Negligence)

27. Plaintiff refers to and incorporates by reference the allegations contained in paragraphs 1 through 26, as though fully set forth herein with the same force and effect.

28. At all times mentioned herein, Defendants had a duty to act in a reasonable and prudent manner and with ordinary care in maintaining the floor in a way that would not cause injury to others including Plaintiff.

29. Just prior to and at the time of Plaintiff's slip-and-fall, Defendants, acting with full knowledge, breached the duty of acre they owed to Plaintiff in each of the following non-exclusive respects:

(a) failing to timely and adequately inspect the premises for such unsafe conditions;

(b) failing to detect such inherently unsafe conditions;

(c) failing to keep the premises free of unsafe conditions;

(d) failing to maintain the premises in a manner that would prevent such unsafe conditions from being present;

(e) failing to warn Plaintiff of such unsafe conditions;

(f) failing to have a competent person, one capable of identifying existing and

Exhibit 1
10

predictable hazards of the store's walkways, with authority to take prompt corrective measure to eliminate the dangers;

(g) by failing to have a competent person inspect the floor for dangerous conditions or defects;

(h) by failing to protect Plaintiff for injury by use of slip-resistant materials on the surface of the floor;

(i) failing to timely remedy such unsafe conditions; and

(j) in other manners to be proved at the trial of this case.

30. Just prior to and at the time of Plaintiff's slip-and-fall, Defendant knew, or in the exercise of reasonable care should have known, that the above-described negligence, carelessness, recklessness, and/or unlawfulness carried a risk that other, including Plaintiff could be injured.

31. As a direct and proximate result of the above-described negligence, carelessness, recklessness, and/or unlawfulness, Defendants caused Plaintiff to use a wet are of the floor and caused bodily injuries to Plaintiff.

32. As a direct and proximate result of Plaintiff's slip-and-fall that was cause by Defendants negligence, carelessness, recklessness, and/or unlawfulness, Plaintiff was injured in her heath, strength, activity, sustaining injury to her body and shock and injury to her nervous system and person, all of which injuries have caused an continue to cause, Plaintiff great mental, physical, nervous pain and suffering, loss of enjoyment of life, physical restrictions and limitations, anxiety, annoyance, and inconvenience, all to her general damage and detriment.

33. As a further direct and proximate result of Plaintiff's slip-and=fall that was caused by Defendants' negligence, carelessness, recklessness, wantonness, and/or unlawfulness, Plaintiff has been required to expend sums of money and incur obligations, and may continue to expend money and incur obligations, for medical services, x-rays, drugs, and sundries reasonably required in the treatments and relief of the injuries herein alleged. The medical expenses are not fully known at this time, and leave of court is hereby

requested to amend the Complaint to conform to proof at the time of trial.

34.  As a further a direct and proximate result of Plaintiff's slip-and-fall that was caused by Defendants' negligence, carelessness, recklessness, and/or unlawfulness, Plaintiff has already incurred, and in all likelihood will in the future incur substantial loss of income, earning capacity, and career opportunities the value of which are not fully known at this time, and leave of court is hereby requested to amend this Complaint to conform to proof at the time of trial.

35.  Plaintiff's slip-and-fall and her resulting general and special damages were solely, directly, and proximately caused by the above-described acts and omissions of Defendants WAL-MART STORES, INC. and DOES 1-100.

## PRAYER FOR DAMAGES

WHEREFORE, the plaintiff JESUS JACQUELINE ATIENZO prays for judgment against the defendants WAL-MART STORES, INC., and each of them, as follows:

### FIRST CAUSE OF ACTION:

1. For General Damages in a sum to be ascertained at the time of trial;
2. For medical and health care expenses in a sum to be ascertained at the time of trial;
3. For future medical and health care expenses in a sum to be ascertained at the time of trial;
4. For all incidental expenses in a sum to be ascertained at the time of trial;
5. For loss of income;
6. For costs of suit incurred herein; and
7. For such other and further relief as this Court may deem just and proper.

### SECOND CAUSE OF ACTION:

1. For General Damages in a sum to be ascertained at the time of trial;
2. For medical and health care expenses in a sum to be ascertained at the time of trial;
3. For future medical and health care expenses in a sum to be ascertained at the

time of trial;

4. For all incidental expenses in a sum to be ascertained at the time of trial;

5. For loss of income;

6. For costs of suit incurred herein; and

7. For such other and further relief as this Court may deem just and proper.

DATED: December 7, 2017

BAUMAN LAW, APLC

By _____

Shaun J. Bauman, Esq.
Thanos Simoudis, Esq.
Attorneys for Plaintiff
JESUS JACQUELIEN ATIENZO